SUMMARY ORDER

Petitioner Qing Long Lin, a native and citizen of the People’s Republic of China, seeks review of the August 28, 2007 order of the BIA denying his motion to reopen. In re Qing Long Lin, No. A70 891 917 (B.I.A. Aug. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). “A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.” 8 C.F.R. § 1003.2(c)(1) (2005); Norami v. Gonzales, 451 F.3d 292, 294 & n. 3 (2d Cir.2006) (looking to the date on which the immigration judge (“IJ”) closed the record as the date before which the evidence must have been unavailable, undiscoverable, or un-presentable). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant’s failure to establish a prima facie case for the underlying substantive relief sought. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
We find that the agency did not abuse its discretion in denying the Petitioner’s motion to reopen as untimely. An alien seeking to reopen proceedings must .file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). There is no time limit, however, for filing a motion to reopen “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” See 8 C.F.R. § .1003.23(b)(4)(f); 8 U.S.C. § 1229a(e)(7)(C)(ii).
Here, the agency properly found that the Petitioner’s motion was filed more than 90 days after the final administrative decision was rendered and did not qualify for an exception based on changed country conditions. The agency did not abuse its discretion by declining to consider the country conditions evidence discussed in Shou Yung Guo, 463 F.3d 109 (2d Cir.2006), where that evidence was not in the record of this case. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001). Furthermore, we will not remand for consideration of that evidence. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 261-62 (2d Cir.2007).
Moreover, the BIA did not abuse its discretion in finding that the Petitioner was unable to establish prima fade eligibility for relief. Petitioner is not eligible for relief based on his wife’s failure to be sterilized and he never demonstrated that he engaged in other resistance to the family planning policy. See In re J-S-, 24 I. & N. Dec. 520 (A.G.2008). There is no merit to the Petitioner’s argument that this Court should apply the law as it existed at the time of his hearing. See N.L.R.B. v. Coca-Cola Bottling Co., 55 F.3d 74, 78 (2d Cir.1995) (“Appellate courts ordinarily apply the law in effect at the time of the appellate decision.”).
The Petitioner’s due process argument is likewise without merit, where there is no *87 indication that the BIA’s decision did not specifically consider the Petitioner’s arguments. See Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 104 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.